NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOHNNY LEE HOWZE, | No. 18-55600 |
| Plaintiff-Appellant, | D.C. No. 2:14-cv-01341-SVW-RAO |
| v. | |
| EMILY MALAN, Registered Nurse, individual, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Submitted April 17, 2019[**]

Before: McKEOWN, BYBEE, and OWENS, Circuit Judges.

California state prisoner Johnny Lee Howze appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging deliberate indifference to his serious medical needs. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

2004).  We affirm.

The district court properly granted summary judgment for defendant because Howze failed to raise a genuine dispute of material fact as to whether any delay in treatment for his urinary condition resulted in significant harm.  *See Hallett v. Morgan*, 296 F.3d 732, 746 (9th Cir. 2002) (a delay of medical treatment evinces deliberate indifference to a serious medical need only if the delay caused significant harm).

The district court did not abuse its discretion by denying Howze's motion to appoint counsel because Howze did not demonstrate exceptional circumstances. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (setting forth standard of review and "exceptional circumstances" requirement for appointment of counsel).

The district court did not abuse its discretion by denying Howze's motion to conduct further discovery because Howze failed to demonstrate how additional discovery would have precluded summary judgment.  *See Margolis v. Ryan*, 140 F.3d 850, 853 (9th Cir. 1998) (setting forth standard of review and explaining that the burden is on the party seeking additional discovery to proffer sufficient facts to show that the evidence sought would preclude summary judgment).

We do not consider arguments and allegations raised for the first time on

appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**